UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHU CHINSAMI,<br><br>    Plaintiff,<br><br>    v.<br><br>JARED LOZANO, et al.,<br><br>    Defendants. | No. 2:20-cv-1792 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. In a complaint filed September 4, 2020, plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Before the court is plaintiff's complaint for screening and plaintiff's motion to proceed in forma pauperis. For the reasons set forth below, this court finds plaintiff fails to meet the standards to proceed in forma pauperis and recommends this action be dismissed if plaintiff fails to pay the filing fee.

**IN FORMA PAUPERIS STATUTE**

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

1

> facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 575 U.S. 532 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

### HAS PLAINTIFF ACCRUED THREE STRIKES?

Plaintiff has pursued a number of actions in this court. In one, Chief Judge Mueller recently held that plaintiff accrued three strikes prior to filing the complaint in that case. See Chinsami v. Lozano, 2:19-cv-2298 KJM EFB P (Mar. 3, 2020 Order (ECF No. 26)). The cases held to be strikes are: (1) Chinsami v. Fox, No. 2:16-cv-2153 KJM AC P (E.D. Cal.) (July 8, 2019 order dismissing action as frivolous (ECF Nos. 7, 10)); (2) Chinsami v. Fox, No. 2:16-cv-2461 EFB (E.D. Cal.) (May 1, 2017 order dismissing action as frivolous (ECF No. 6)); (3) Chinsami v. Singh, No. 2:14-cv-461 EFB (E.D. Cal.) (May 21, 2014 order dismissing action as frivolous (ECF No. 7)); (4) Chinsami v. Harrison, No. 2:13-cv-1124 CKD (E.D. Cal.) (September 17, 2013 order dismissing action after plaintiff failed to submit an amended complaint within allotted time following dismissal of complaint for failure to state a claim (ECF No. 10)); and (5) Chinsami v. Silbaugh, No. 2:12-cv-2202 DAD (E.D. Cal.) (July 22, 2013 order dismissing action as frivolous and for failure to state a claim upon which relief could be granted (ECF No. 12)).

Each of these cases was dismissed prior to the filing of the complaint in the present case as well. Accordingly, plaintiff accrued three strikes prior to filing this case and may not proceed

1  unless he can show he was "under imminent danger of serious physical injury" at the time he filed
2  his complaint.  28 U.S.C. § 1915(g).

### IMMINENT DANGER OF SERIOUS PHYSICAL INJURY

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.  See Andrews, 493 F.3d at 1053.  "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful."  Id. at 1057 n.11.  Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.  To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "Vague and utterly conclusory assertions" of harm are insufficient.  White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).  That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

In the present case, plaintiff alleges a California Department of Corrections and Rehabilitation ("CDCR") ophthalmologist "illegally planted a computer programmer eye lens" in his right eye.  He further alleges that a psychiatrist is "computer controlling him" and objects to a Keyhea order entered fifteen years ago requiring he be involuntarily medicated.

Plaintiff made all or some of the allegations made here in each of the cases cited above.  In four cases, the court dismissed the action based on a finding that those allegations were frivolous.  See Chinsami v. Fox, No. 2:16-cv-2153 KJM AC P (May 28, 2019 Findings and Recommendations (allegation that "CDCR intentionally placed a computer programmer eye lens" in plaintiff's right eye in order to control him found frivolous), rep. and reco. adopted, 2:16-cv-2153 KJM AC P (July 8, 2019); Chinsami v. Fox, No. 2:16-cv-2461 EFB (May 1, 2017 Order (allegations that "CDCR has "plant[ed] a sophisticated computer programmer eye lens in plaintiff['s] right eye illegally . . . so defendant can control another human brain by computer" found frivolous)); Chinsami v. Singh, No. 2:14-cv-461 EFB (May 14, 2014 Order (plaintiff's claims that CDCR "planted a computer programmer eye lens in [his eye]" and that prison officials

1  were controlling his mind by computer deemed "fantastical" and "frivolous")); Chinsami v.
2  Silbaugh, No. 2:12-cv-2202 DAD (July 22, 2013 Order ("plaintiff's claims concerning an implant
3  on his eye for research purposes and to keep him under surveillance are frivolous and
4  delusional")).

5      The court in plaintiff's 2019 case, Chinsami v. Lozano, also found the allegations that a
6  computer had been implanted in plaintiff's eye to control him frivolous and therefore could not
7  support a finding of imminent danger under 28 U.S.C. § 1915(g).  See Chinsami v. Lozano, No.
8  2:19-cv-2298 KJM EFB P (Feb. 5, 2020 Findings and Recommendations (ECF No. 25) at 2.)
9  This court agrees.  Plaintiff has done nothing in his present complaint to render these allegations
10 any less fantastical than there were in 2012 when he first alleged them in this court.

11     Plaintiff also challenged the Keyhea order in his 2019 case.  Again, this court agrees with
12 the conclusion in that case that the fact plaintiff is under an involuntary medication order does not
13 demonstrate he is in imminent danger of serious injury.  See Chinsami v. Lozano, No. 2:19-cv-
14 2298 KJM EFB P (Feb. 5, 2020 Findings and Recommendations (ECF No. 25) at 2.); see also
15 Driver v. ADA 1824 Panels, No. 1:19-cv-1718 SAB PC, 2019 WL 9100333, at *2 (E.D. Cal.
16 Dec. 17, 2019) ("Plaintiff's allegations regarding unlawful Keyhea orders, forced medication, and
17 painful injections are too vague and conclusory to establish that Plaintiff was in imminent danger
18 of serious physical harm at the time his complaint was filed."), rep. and reco. adopted, 2020 WL
19 3451518 (E.D. Cal. June 24, 2020).  In sum, plaintiff fails to make a plausible allegation of
20 imminent danger of serious physical injury.  See Andrews, 493 F.3d at 1051-52 (noting §
21 1915(g)'s exception for IFP complaints which "make[ ] a plausible allegation that the prisoner
22 faced 'imminent danger of serious physical injury' at the time of filing.").  Therefore, he does not
23 establish an exception to the three-strikes rule of § 1915(g).

24     Accordingly, the Clerk of the Court IS HEREBY ORDERED to randomly assign a district
25 judge to this case; and

26     IT IS RECOMMENDED that:

27     1.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

28     2.  Plaintiff be ordered to pay the $400 filing fee within fourteen days from the date of any

4

order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 5, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/chin1792.scrn 3 strikes fr