UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHU CHINSAMI, | No. 2:20-cv-1792 JAM DB P |
| Plaintiff, | |
| v. | ORDER |
| JARED LOZANO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff has paid the filing fee. Before the court is plaintiff's complaint for screening. For the reasons set forth below, this court will dismiss the complaint with leave to amend.

**SCREENING**

**I. Legal Standards for Civil Rights Complaints**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

////

1       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of
7  the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim
8  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what
9  the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.
10 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
11      However, in order to survive dismissal for failure to state a claim a complaint must
12 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
13 factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
14 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
15 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
16 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
17 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
18      The Civil Rights Act under which this action was filed provides as follows:
19         Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the deprivation
20         of any rights, privileges, or immunities secured by the Constitution .
            . . shall be liable to the party injured in an action at law, suit in equity,
21         or other proper proceeding for redress.
22 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
23 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
24 Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A
25 person 'subjects' another to the deprivation of a constitutional right, within the meaning of §
26 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform
27 an act which he is legally required to do that causes the deprivation of which complaint is made."
28 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

## II. Analysis

### A. Allegations of the Complaint

Plaintiff is an inmate at the California Medical Facility. His complaint is difficult to decipher. He identifies three defendants: Warden Jared Lozano, former CDCR Psychiatrist Wilson, and current CDCR Psychiatrist Bozorhmehr. As best this court can tell, plaintiff is attempting to allege the following claims: (1) the chief psychiatrist for the California Department of Corrections and Rehabilitation ("CDCR") has discriminated against plaintiff for fifteen years; (2) a CDCR ophthalmologist illegally implanted a computer lens in plaintiff's right eye for research purposes; (3) former CDCR Psychiatrist Wilson is controlling plaintiff through the computer implant; (4) Wilson violated plaintiff's rights by his involvement in a Keyhea[1] order requiring plaintiff be involuntarily medicated; (5) Wilson is further violating plaintiff's rights because plaintiff is disabled; (6) Wilson, who is now incarcerated, conspired to kill plaintiff; and (6) the CDCR chief psychiatrist, Dr. Bozorhmehr, is favoring Wilson.

For relief, plaintiff seeks damages, revocation of the Keyhea order, and discontinuation of his medications.

### B. Does Plaintiff State any Claims for Relief?

Plaintiff fails to state any claims for relief cognizable under 42 U.S.C. § 1983. First, plaintiff is advised that he must adhere to the following standards for stating claims for relief under § 1983:

- Plaintiff must clearly identify each defendant and describe just what that defendant did that violated his constitutional rights.
- Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act

---

[1] Keyhea v. Rushen, 178 Cal. App. 3d 526, 542 (Cal. Ct. App. 1986), sets forth the substantive and procedural safeguards required when the state seeks to involuntarily medicate state prisoners with long-term psychotropic medications. These orders are commonly referred to as Keyhea orders.

or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). In his complaint, plaintiff does not allege any facts showing that Warden Lozano personally participated in depriving plaintiff of his rights. Nor does plaintiff allege any facts showing that Dr. Bozorhmehr violated his constitutional rights. The fact Bozorhmehr "favored" defendant Wilson is not a constitutional claim.

- Plaintiff must make a short, plain statement of the facts supporting each claim. See Fed. R. Civ. P. 8(a).
- Plaintiff may allege multiple claims against a single defendant. Fed. R. Civ. P. 18(a). However, he may not bring a claim against one defendant in the same case as an unrelated claim against another defendant. Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).
- Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. In a civil rights case under § 1983, the relief available includes monetary damages and appropriate injunctive relief. Plaintiff may not seek release from custody in a § 1983 action.
- An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleadings are superseded.
- Plaintiff must exhaust his administrative remedies before filing suit. 42 U.S.C. § 1997e(a).

**1. Eye Implant Claim**

To state claims for relief under § 1983, plaintiff must also show that his legal theories have potential merit and his factual allegations are not baseless or frivolous. As this court

4

informed plaintiff in a prior order in this case, plaintiff previously raised the issue of the eye implant in other cases. In the October 6, 2020 order, this court considered whether plaintiff met the "imminent danger" exception to the three-strikes rule. This court found that plaintiff had alleged claims based on a computer-programed eye implant in at least four prior cases filed in this court. The judge in each of those cases found the allegation frivolous and dismissed the claim. See Chinsami v. Fox, No. 2:16-cv-2153 KJM AC P (May 28, 2019 Findings and Recommendations (allegation that "CDCR intentionally placed a computer programmer eye lens" in plaintiff's right eye in order to control him found frivolous), rep. and reco. adopted, 2:16-cv-2153 KJM AC P (July 8, 2019); Chinsami v. Fox, No. 2:16-cv-2461 EFB (May 1, 2017 Order (allegations that "CDCR has "plant[ed] a sophisticated computer programmer eye lens in plaintiff['s] right eye illegally...so defendant can control another human brain by computer" found frivolous)); Chinsami v. Singh, No. 2:14-cv-461 EFB (May 14, 2014 Order (plaintiff's claims that CDCR "planted a computer programmer eye lens in [his eye]" and that prison officials were controlling his mind by computer deemed "fantastical" and "frivolous")); Chinsami v. Silbaugh, No. 2:12-cv-2202 DAD (July 22, 2013 Order ("plaintiff's claims concerning an implant on his eye for research purposes and to keep him under surveillance are frivolous and delusional")).

As plaintiff was informed in the October 6 order, nothing about his present complaint renders his allegations about an eye implant any less fantastical than they were in 2012 when he first alleged them in this court. Plaintiff may not raise frivolous claims in an amended complaint.

**2. Claim re Keyhea Order**

With respect to plaintiff's challenge to the Keyhea order, it is not clear what Psychiatrist Wilson did with respect to the Keyhea process that violated plaintiff's constitutional rights. Below, this court describes the due process requirements for involuntary medication of a prisoner so that plaintiff can determine whether he can, in fact, state facts showing his rights were violated by the imposition of the Keyhea order.

The Supreme Court has recognized a liberty interest in freedom from unwanted antipsychotic drugs. Washington v. Harper, 494 U.S. 210, 221–22 (1990); United States v. Ruiz–Gaxiola, 623 F.3d 684, 691 (9th Cir. 2010). For convicted inmates, or those awaiting trial, the

5

1  "liberty interest in avoiding unwanted medication must be defined in the context of the inmate's
2  confinement." United States v. Loughner, 672 F.3d 731, 745 (9th Cir. 2012) (quoting Harper,
3  494 U.S. at 222).  If it is determined that an inmate is a danger to himself or others, and treatment
4  is in his medical interest, the Due Process Clause allows the state to treat an inmate with serious
5  mental illness with antipsychotropic drugs against his will.  Harper, 494 U.S. at 227; cf. Riggins
6  v. Nevada, 504 U.S. 127, 135 (1992) ("forcing anti-psychotic drugs on a convicted prisoner is
7  impermissible absent a finding of overriding justification and a determination of medical
8  appropriateness.").  The treatment can only be justified by the determination of a neutral
9  factfinder that the antipsychotic drugs are medically appropriate and that the circumstances justify
10 their application.  See Kulas v. Valdez, 159 F.3d 453, 455–56 (9th Cir. 1998).  In addition, due
11 process requires that the state provide the inmate with notice of the Keyhea proceedings, the right
12 to be present at those proceedings, and the right to participate in them.  Id. at 456; see also
13 Harper, 494 U.S. at 235.
14      In California, the procedural requirements for involuntary medication of prisoners is set
15 out in Keyhea.  "A Keyhea order permits the long-term involuntary medication of an inmate upon
16 a court finding that the course of involuntary medication is recommended and that the prisoner, as
17 a result of mental disorder, is gravely disabled and incompetent to refuse medication, or is a
18 danger to himself or others."  Davis v. Walker, 745 F.3d 1303, 1307 n.2 (9th Cir. 2014).

### 3. Other Allegations

20      With respect to plaintiff's other allegations, this court finds only plaintiff's allegation of
21 discrimination based on his disabled status to possibly, with more information, state a claim.
22 Plaintiff should carefully review the legal standards set out below.  Plaintiff must identify a
23 defendant and allege facts which support each factor of the legal claim.
24      To state a claim under the Americans with Disabilities Act, plaintiff must show: (1) he is a
25 "qualified individual with a disability;" (2) he was either excluded from participation in or denied
26 the benefits of a public entity's services, programs, or activities, or was otherwise discriminated
27 against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by
28 reason of his disability.  McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

2. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

3. The Clerk of the Court shall provide plaintiff with a copy of the form for civil rights complaints by a prisoner. In addition, the docket shall reflect that this case has been re-opened.

Dated: April 15, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/chin1792.scrn LTA