UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHU CHINSAMI, | No. 2:20-cv-1792 JAM DB P |
| Plaintiff, | |
| v. | <u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |
| JARED LOZANO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Before the court is plaintiff's first amended complaint ("FAC") for screening. For the reasons set forth below, this court will dismiss the FAC with leave to amend and will recommend plaintiff's claims based on allegations that a computer lens was implanted in his eye be dismissed with prejudice.

**BACKGROUND**

Plaintiff is incarcerated at the California Medical Facility ("CMF"). Plaintiff's primary allegations appear to involve an eye implant and involuntary medication. On screening, this court found plaintiff failed to state any cognizable claims relief under § 1983. (ECF No. 14.) Plaintiff was given sixty days to file an amended complaint. On May 20, 2021, plaintiff filed his FAC. (ECF No. 15.) This court considers the FAC below.

////

////

**SCREENING**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**I. First Amended Complaint**

Plaintiff identifies four defendants: (1) CMF Warden Jared Lozano; (2) Psychiatrist Ron Wilson; (3) Chief Psychiatrist Dr. Bozorgmehr; and (4) an unnamed attorney employed at CMF as a "representative." Again, plaintiff's allegations are difficult to discern. In his first and third claims, plaintiff appears to allege that he was wrongfully subjected to involuntary psychiatric medication through the state's Keyhea process. In his second claim, plaintiff again alleges that a computer eye lens was placed in his right eye and, through it, defendant Wilson hears plaintiff's music and it is driving Wilson crazy. Plaintiff adds several other conclusory allegations, including conspiracy to murder his wife and violation of his rights because he is disabled.

For relief, plaintiff seeks an injunction preventing his involuntary medication under the Keyhea order and appointment of a "representative."

**II. Does Plaintiff State any Claims for Relief?**

   **A. Claims re Eye Lens**

In the prior screening order, plaintiff was reminded that he has raised the allegations regarding the computer eye lens in numerous prior cases, starting in 2012. Each time, judges found those allegations frivolous and dismissed them. In his FAC, plaintiff alleges nothing new to change this court's prior determination that his claims remain frivolous. This court will

recommend that plaintiff's claims regarding the computer eye implant be dismissed with prejudice.

**B. Claims re Keyhea Order**

In his claims regarding the Keyhea order, plaintiff contends defendant Wilson mislead defendant Bozorgmehr about plaintiff's condition. Based on that false information, sixteen years ago Bozorgmehr ordered plaintiff to be involuntarily medicated. Plaintiff further contends that one of the defendants denied his request to be evaluated by an outside (non-CDCR) mental health facility. Plaintiff does not explain when he made that request. Finally, plaintiff claims his representative, presumably in his Keyhea proceedings, has prevented him from filing prison grievances and communicating with the State Bar Association.

There are several problems with plaintiff's claims. First, plaintiff's challenge to a Keyhea order entered sixteen years ago is very likely barred by the statute of limitations. For actions under 42 U.S.C. § 1983, this court applies California's "statute of limitations for personal injury actions." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); see also Azer v. Connell, 306 F.3d 930, 935-36 (9th Cir. 2002). In California, the statute of limitations for personal injury actions is two years. See Cal. Code Civ. Proc. § 335.1; Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004). This limitations period is statutorily tolled for a period of two years for a person who is, "at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." See Cal. Code Civ. Proc. § 352.1(a); Johnson v. State of California, 207 F.3d 650, 654 (9th Cir. 2000). This means that a prisoner may generally only challenge conduct that caused him harm within four years prior to filing his action.

There is a second problem with plaintiff's Keyhea allegations. Plaintiff may not seek an injunction to prevent enforcement of the Keyhea order entered sixteen years ago because it is not the Keyhea order to which plaintiff is currently subjected. Pursuant to California law, a Keyhea order is effective for one year. To renew it, CDCR must submit an application to a judge. Plaintiff would be notified of the application to renew the order and would be entitled to a hearing with all the same protections required in the initial Keyhea hearing. Cal. Penal Code § 2602(c) &

(g). The protections for a prisoner in a Keyhea proceeding include the assistance of an attorney, testimony from a psychiatrist that involuntary medication is necessary for the prisoner's health, the right to participate in the hearing, the right to present evidence, and the right to cross-examine witnesses. Cal. Penal Code § 2602(c). Based on California law, then, plaintiff's current involuntary medication is based on the most recent Keyhea order. If plaintiff seeks to prevent enforcement of a Keyhea order, he must state constitutional challenges to the most recent such order.

Therefore, to state a challenge to his involuntary medication, plaintiff must identify as defendants those people who were responsible for the most recent Keyhea order. Then, to state a due process violation, plaintiff must show one of two things. First, he may show that there was no basis for the findings that he was a danger to himself or others and that the treatment was in his medical interest. Washington v. Harper, 494 U.S. 210, 227 (1990). Second, he may show that he was not provided notice of the renewed Keyhea proceeding, was not permitted to be present at that proceeding, or was denied the right to participate in that proceeding. Id. at 235.

Plaintiff also appears to be attempting to state a claim against an attorney representative. Because a prisoner is entitled to the assistance of an attorney in a Keyhea proceeding, this court assumes plaintiff is referring to that representative. If plaintiff seeks to challenge the conduct of a different representative, he must describe just what sort of representative that person is. Regardless of whether the representative is someone appointed pursuant to the Keyhea process or otherwise, if plaintiff wishes to state a claim, he must: (1) identify that person by name, if possible; (2) describe what that person's role is as plaintiff's representative; (3) explain just what that person has done; (4) show why that person's conduct violated plaintiff's constitutional rights; and (5) show how that person's conduct harmed plaintiff. In his FAC, plaintiff states only that the representative has prevented plaintiff from filing prison grievances and letters with the state bar. These allegations do not state a claim for relief. Plaintiff must describe the grievances and letters he was prevented from sending, how the representative interfered with those grievances and letters, why the representative's actions violated plaintiff's constitutional rights, and what harm plaintiff has suffered as a result of the representative's actions.

4

**C. Other Claims**

To the extent plaintiff is attempting to allege any additional claims, he fails to set out anything besides conclusory statements of discrimination and conspiracy. As described above, the court requires much more information. Without more, this court is unable to consider any claims besides those based on the computer eye implant and those based on the Keyhea proceedings.

Finally, plaintiff again fails to state any facts showing that Warden Lozano personally participated in depriving plaintiff of his rights. If plaintiff feels he has a claim against Lozano, he must specifically show what Lozano has done that violated plaintiff's rights.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's first amended complaint (ECF No. 15) is dismissed with leave to amend.

2. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint;" failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Further, IT IS RECOMMENDED that plaintiff's claims based on his allegations that a computer lens was implanted in his eye be dismissed with prejudice as frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

/////

/////

Dated: June 29, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9