UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHU CHINSAMI, | No. 2:20-cv-1792 JAM DB P |
| Plaintiff, | |
| v. | ORDER |
| JARED LOZANO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Before the court is plaintiff's second amended complaint ("SAC") for screening. For the reasons set forth below, this court finds plaintiff has stated no claims for relief cognizable under 42 U.S.C. § 1983. This court will give plaintiff one more opportunity to do so.

**BACKGROUND**

Plaintiff is incarcerated at the California Medical Facility ("CMF"). In his first two complaints, plaintiff alleged claims regarding, primarily, an eye implant and involuntary medication. The district court dismissed plaintiff's claims regarding the eye implant. In his current complaint, plaintiff has narrowed his claims to just those regarding involuntary medication against two defendants: Warden Jared Lozano and Chief Psychiatrist Bozorgmehr.[1]

---

[1] It is not clear from the SAC just what this defendant's name is. The spelling in the text reflects this court's best interpretation of plaintiff's handwriting.

1

**SCREENING**

As described in this court's prior screening orders, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. See 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**I. Second Amended Complaint**

Plaintiff first complains that defendant Lozano is "aware" of his medications and that plaintiff did not get a "fair chance" during the appeal of an involuntary medication order issued pursuant to Keyhea v. Rushen, 178 Cal. App. 3d 526 (1986).[2] In his second claim, plaintiff states that defendant Bozorgmehr prescribed the medication and that the counselor appointed to represent him in the Keyhea proceeding did not defend him and was "overpowered" by the California Department of Corrections and Rehabilitation.

**II. Does Plaintiff State any Claims for Relief?**

As plaintiff was informed in the prior screening order, to state a challenge to his involuntary medication plaintiff must identify as defendants only those people who were responsible for violations of his rights that resulted in the Keyhea order. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Then, to state a due process violation, plaintiff

---

[2] In Keyhea, the California Court of Appeal "upheld a consent decree affirming the right of state prisoners to refuse anti-psychotic medications except under certain limited circumstances." In re Qawi, 32 Cal.4th 1 (2004).

must show one of two things.  First, he may show that there was no basis for the findings that he was a danger to himself or others and that the treatment was in his medical interest.  Washington v. Harper, 494 U.S. 210, 227 (1990).  Second, he may show that he was not provided notice of the Keyhea proceeding, was not permitted to be present at that proceeding, or was denied the right to participate in that proceeding.  Id. at 235.

Plaintiff's allegations are too brief and vague to state claims for relief.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient." (citations omitted)).  With respect to his first claim, plaintiff states only that defendant Lozano was aware of his medication.  To state a claim against Lozano, plaintiff must describe just what Lozano did and why Lozano's actions violated his constitutional rights.  As described above, to show Lozano's conduct amounted to a violation of his due process rights, plaintiff allege facts showing at least one of three things:  (1) that he was not provided notice of the hearing, or (2) that he was not permitted to be present at the hearing, or (3) that he was denied the right to participate in the hearing.

Second, plaintiff's allegations against defendant Bozorgmehr are also too vague.  It appears that plaintiff is alleging Bozorgmehr rendered the medical opinion that plaintiff should continue to be medicated.  To challenge that opinion, plaintiff must show there was no basis for a finding that he was a danger to himself or others and the finding that the treatment was in his medical interest.  Then, plaintiff must show just how Bozorgmehr was responsible for those findings.

Finally, plaintiff also appears to be attempting to state a claim against an attorney who provided representation in the Keyhea proceeding.  However, plaintiff does not explain just what the attorney did, why that attorney's conduct amounted to a violation of plaintiff's rights, and how that attorney's conduct harmed plaintiff.  If plaintiff wishes to state a claim against his Keyhea representative, he must specifically allege facts supporting these requirements.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's second amended complaint (ECF No. 23) is dismissed with leave to amend.

////

3

      2.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint;" failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

      3.  The Clerk of the Court shall provide plaintiff with a copy of the civil rights complaint form used in this district.

Dated:  March 23, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/chin1792.SAC scrn LTA